UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-11414 |
| | : | CHAPTER 11 |
| COMMUNITY HEALTH NET, | : | |
| DEBTOR | : | |
| | : | |
| COMMUNITY HEALTH NET, Movant | : | DOCUMENT NO. 303 |
| VS. | : | (OBJECTION TO CLAIMS OF |
| AMES SAFETY ENVELOPE CO., ET | : | BOOKER T. WASHINGTON |
| AL, Respondents | : | CENTER) |

APPEARANCES:

GUY C. FUSTINE, ESQ., ERIE, PA, ATTORNEY FOR DEBTOR

THOMAS J. MINARCIK, ESQ., ERIE, PA, ATTORNEY FOR BOOKER T. WASHINGTON CENTER

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

NOVEMBER    16   , 2005

## OPINION

### Factual Background

Community Health Net ("Debtor") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on May 29, 2004 ("Petition Date"). On the Petition Date, Debtor was the Lessee under a Lease Agreement ("Lease") with the Booker T. Washington Center ("BTW") as Lessor for property located at 1720 Holland Street, Erie, PA (the "Property"). The Lease was for ten (10) years from April 1, 1998 through March 31, 2008 at an annual rental rate of $96,931.72, payable monthly at the rate of $8,077.64.

On June 9, 2004, BTW filed a motion to compel the Debtor to assume or reject the Lease. On June 16, 2004, Debtor filed an emergency motion to reject the Lease. By Order dated July

1

16, the Debtor was authorized to reject the Lease.

After rejection of the Lease, the Debtor and BTW reached an agreement for the Debtor to continue to occupy a portion of the square footage it previously occupied in the Property. By motion filed on September 22, 2004, the Debtor sought Court approval to enter into a new lease agreement with BTW (the "New Lease").

The New Lease specifically provides that the prior Lease was rejected and terminated. The New Lease is for a six month term from August 1, 2004 to January 31, 2005 at the rate of $3,500 per month with the Debtor having the right to renew it for an additional six months until July 31, 2005 if certain conditions are satisfied.

On November 1, 2004, an Order was entered which provides that "[t]he proposed [new] Lease between the Debtor and [BTW]. . .is authorized and approved."

BTW has filed Proofs of Claim in the amounts of $67,544.72 (Claim No. 4), which represents unpaid prepetition rent; a duplicate claim in the amount of $67,000 (Claim No. 61); and a third claim in the amount of $96,931.68 (Claim No. 60) which represents one year's lease rejection damages in accordance with the cap established by 11 U.S.C. §502(b)(6).

On March 31, 2005, Debtor filed objections to BTW's claims. At a hearing held on August 29, 2005, Debtor withdrew its objection to Claim No. 4 and it will be allowed in the amount of $67,544.72. BTW withdrew Claim No. 61 and it will be disallowed. The remaining dispute between the parties is over the appropriate amount of BTW's lease rejection damage claim which BTW calculates as $96,931.68. Debtor asserts that it is entitled to a credit against BTW's rejection damage claim for postpetition rents in the amount of $73,853.40 that it paid to BTW during the case under both the Lease and the New Lease. Debtor asserts that the correct

amount of BTW's rejection claim damage is $23,078.28.

## Discussion

A lessor of real property may assert any combination of the following types of claims against a debtor's estate: 1) a prepetition claim based upon a prepetition breach or forfeiture of the lease; 2) a postpetition claim for a breach of the lease prior to debtor's assumption or rejection; and 3) a postpetition claim based upon a breach of the lease which occurs, by statute, upon rejection of the lease within the bankruptcy proceeding.  In re Allied Technology, 25 BR 484, 506 (Bankr. SD OH 1982).

Debtor rejected the Lease.  As a result of Debtor's rejection of the Lease, BTW is entitled to rejection damages.  There is no dispute that $96,931.68 is the correct calculation of the §502(b)(6) cap amount for a lease rejection claim.  The dispute is whether the Debtor is entitled to receive a credit against the cap amount for rents paid postpetition.

"Postpetition rentals are not to be deducted from the statutory cap."  In re All For A Dollar, Inc., 191 BR 262, 264-65 (Bankr. D MA 1996) citing In re Financial News Network, Inc., 149 BR 348, 350-53 (Bankr. SD NY 1993); In re Bob's Sea Ray Boats, Inc., 143 BR 229, 231 (Bankr. D ND 1992); In re Atlantic Container Corp., 133 BR 980, 989-90 (Bankr. ND IL 1991); In re Conston Corp., Inc., 130 BR 449, 451-54 (Bankr. ED PA 1991); In re McLean Enterprises, Inc., 105 BR 928, 937 (Bankr. WD MO 1989); In re Goldblatt Bros., Inc., 66 BR at 346-48.  Contra, In re Stewart's Properties, Inc., 41 BR 353, 355 (Bankr. D HI 1984).

The Court of Appeals for the Third Circuit states:

The landlord retains a duty to mitigate the tenant's reach, but any mitigation of
damages secured by reletting the premises will offset only the landlord's overall

potential recovery, and does not affect the §502(b)(6) cap. The "overwhelming majority of courts" have held that the §502(b)(6) statutory cap is not reduced by any amount a landlord has received by reletting the leased premises and mitigating its damages. 5th Ave. Jewelers, 203 B.R. at 381; see also In re Atl. Container Corp., 133 B.R. 980, 990 (Bankr.N.D.Ill.1991).

In re PPI Enterprises (U.S.), Inc., 324 F.3d 197, 208, FN. 17 (3d Cir. 2003).

Debtor acknowledges that case law provides that a landlord should not be required to reduce a rejection damage claim by the amount of postpetition rents received from a new tenant but attempts to distinguish those cases because, here, there was not a new tenant but, rather, after the Lease was rejected, the Debtor continued to occupy a portion of the Property.

Section 502(b)(6) does not distinguish between re-letting a property to the same tenant or a "new" tenant after a debtor rejects a lease in the calculation of lease rejection damages. "The overwhelming majority of courts have held that the §502(b)(6) statutory cap is not reduced by any amount a landlord has received by reletting the leased premises and mitigating its damages." Id. (emphasis added)

The Debtor's objection to Claim No. 60 will be overruled. An appropriate Order will be entered.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-11414 |
| | : | CHAPTER |
| COMMUNITY HEALTH NET, | : | |
| DEBTOR | : | |
| | : | |
| COMMUNITY HEALTH NET, Movant | : | DOCUMENT NO. 303 |
| VS. | : | (OBJECTION TO CLAIMS OF |
| AMES SAFETY ENVELOPE CO., ET | : | BOOKER T. WASHINGTON |
| AL, Respondents | : | CENTER) |

ORDER

This \_\_\_\_16\_\_\_\_ day of November, 2005, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. Claim No. 4 filed by the Booker T. Washington Center is allowed as a general unsecured claim in the amount of $67,544.72.

2. Claim No. 61 filed by the Booker T. Washington Center is disallowed in its entirety.

3. Claim No. 60 filed by the Booker T. Washington Center for lease rejection damages is allowed as a general unsecured claim in the amount of $96,931.68.

_____/s/_____
Warren W. Bentz
United States Bankruptcy Judge

c: Guy C. Fustine, Esq.
   Thomas J. Minarcik, Esq.